**James L. GRAEF and John P. McClain, Plaintiffs,**

v.

**CHEMICAL LEAMAN TANK LINES, INC., et al., Defendants.**

No. 1:94–CV 0216.

United States District Court, E.D. Texas, Beaumont Division.

Sept. 5, 1995.

John Fritz Barnett, Glickman & Barnett, Houston, TX and Lou Ann Cloy, Beaumont, TX, for plaintiffs.

Robert J. Hambright, Orgain, Bell & Tucker, L.L.P., Beaumont, TX, Robert J. Hambright, Orgain Bell & Tucker, Beaumont, TX, Raymond A. Kresge, J. Anthony Messina, and Vincent J. Pentima, Pepper Hamilton & Scheetz, Philadelphia, PA, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Before this Court is the Defendants' Motion for Summary Judgment, filed by Chemical Leaman Tank Lines, Inc. (Chemical Leaman), John Gallagher, Gary Bailey, and Dennis Copeland. Plaintiffs claim that the Defendants violated the Texas Workers' Compensation Act, thereby causing intentional infliction emotional distress. For the reasons stated below, this Court finds that the defendants should prevail as a matter of law on John McClain's claims. Finding some issues of material fact in dispute, this Court GRANTS, in part, and DENIES, in part, defendants' motion.

## BACKGROUND

James Graef and John McClain availed themselves of the workers' compensation laws of Texas. These men brought suit against Chemical Leaman and three of its employees alleging that they unlawfully discriminated against the plaintiffs for filing workers' compensation claims. Defendants removed the suit to this Court pursuant to 28 U.S.C. sections 1331 and 1367. This case is a federal question suit under section 301 of the Labor Management Relations Act (LMRA). Instead of amending their complaint to conform with Fed.R.Civ.P. 9, plaintiffs have chosen to drop their fraud claim and proceed solely on the two remaining causes of action: retaliatory discharge and intentional infliction of emotional distress.

Mr. Graef and Mr. McClain were injured while employed as drivers for Chemical Leaman. While receiving workers' compensation benefits, they were informed by third parties that Chemical Leaman intended to make it difficult for drivers currently receiving workers' compensation to return to work. Each plaintiff's specific circumstances will be

discussed in turn; however, both claim that the defendants' actions constituted a violation of the Texas Anti–Retaliation statute, Tex.Labor Code § 451.001, and the tort of intentional infliction of emotional distress.

### ANALYSIS

Before the Court is defendant's motion for summary judgment. Summary judgment is appropriate when the moving party is able to demonstrate that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585–88, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

■ It is unnecessary for the movant to negate elements of the nonmovant's case. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 885–886, 110 S.Ct. 3177, 3187, 111 L.Ed.2d 695 (1990). If the movant shows that no genuine issues of fact exist, however, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1071 (5th Cir.1994) (en banc) (citing *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54). The nonmovant's burden is not satisfied with

> "some metaphysical doubt as to the material facts," *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356, by "conclusory allegations," *Lujan,* 497 U.S. at 871–73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994).

*Little,* 37 F.3d at 1075. At this point, summary judgment is appropriate if the nonmoving party fails to come forward with sufficient facts and law demonstrating a basis for recovery. *Little,* 37 F.3d at 1071.

■ The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services,* 504 U.S. 451, 456–58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. However, this favorable presumption for the nonmovant exists only when the nonmovant presents an actual controversy of fact. The Court will not assume controversy when insufficient facts exist to sustain the party's complaint. *Little,* 37 F.3d at 1075; *see Lujan,* 497 U.S. at 888, 110 S.Ct. at 3188.

#### 1. *Mr. McClain*

Plaintiff McClain has been employed as a driver at Chemical Leaman since 1982. On May 21, 1992, Mr. McClain injured himself while on the job. He received full workers compensation benefits for his injuries. (McClain Dep. at 73–74). During 1992, Mr. McClain was offered light duty work with Chemical Leaman, but he never accepted. (*Id.* at 77–79; Bailey Dep. at 35–36). In early 1994, Mr. McClain filed suit with Mr. Graef against the defendants.

■ It is difficult for the defendants to prove the negative (i.e. that they did nothing wrong); logic does not allow it. This is especially true given the incredibly sketchy description of the events which give rise to Mr. McClain's claims. Mr. McClain, however, has had numerous months to conduct discovery and provide this Court with some credible evidence showing wrongful conduct on the part of the defendants as well as any damages he has suffered consequently.

In the face of the defendants' evidence which puts the events in question into context, Mr. McClain's summary judgment "evidence" before this Court may not even equal a scintilla. To show wrongful discharge, Mr. McClain simply proffers a form letter dated September 1, 1994, sent to him by Chemical Leaman addressed to "Former Employee." (Pla. Exh. C). The letter refunded a twenty-five dollar bond of Mr. McClain's.

Mr. McClain admits that he believed himself to be employed with Chemical Leaman

until he received the September 1994 memorandum. (McClain Dep. at 7–8). Furthermore, Mr. McClain failed to initiate contact with anyone at Chemical Leaman to see if he was in fact discharged. Mr. McClain admits that he did not so act because he did not feel the letter was a "formal discharge." (*Id.* at 10).

Defendants have proffered evidence that confirms the letter was a mistake by an employee who had been on the job a little over a week and that Mr. McClain was never discharged. Mr. McClain has not offered any credible evidence to document any mental anguish or other emotional trauma putatively caused by defendants' actions. Furthermore, when Mr. McClain reported for work at Chemical Leaman in May 1995, he was put right to work.

This Court GRANTS Summary Judgment for the defendants against the claims of plaintiff John McClain. The evidence which Mr. McClain points to in establishing his claims do not, as a matter of law, give rise to genuine issues of material fact.

### 2. *Mr. Graef*

#### a. Preemption

■ In their summary judgment motion, the defendants contend that plaintiffs like Mr. Graef are without recourse. Specifically, the defendants allege that the Federal Motor Carrier Safety Act (FMCSA), 49 U.S.C. sections 31131, et. seq., preempts the claims of individuals who are similarly-situated to Mr. Graef. The rather incredible line of reasoning the defendants employ seems to run like this: If an employee hired to be a driver is unfit to operate a truck due to national standards set out in the FMCSA, then the employer is immune from actionable wrongdoing vis-a-vis discharge of that employee.

Even if it is established that under the FMSCA Mr. Graef could not have lawfully driven a truck, it is untenable to claim that this federal statute *dictates* Mr. Graef be fired or *immunizes* any otherwise unlawful misconduct in which Chemical Leaman may have engaged. Put in more positive terms, the Texas Anti–Retaliation Law can be violated and intentional infliction of emotional distress can occur in the context of a discharge even when a driver-employee has failed to pass his Department of Transportation physical as per the FMCSA.

#### b. Intentional Infliction of Emotional Distress

■ Defendants wish to characterize the events giving rise to this suit as a mere employment dispute. Evidence developed at trial may vindicate the defendants. Mr. Graef, however, has produced some evidence which supports an inference that Chemical Leaman may have proceeded against him in bad faith. Specifically, Mr. Graef has affidavit evidence which tends to prove that an agent of Chemical Leaman had the intent to unlawfully discriminate against Mr. Graef. Mr. Graef has presented evidence that the medical information and perhaps procedures required of him differed substantially from those requirements of other employees. Furthermore, although the defendants claim they allowed Mr. Graef extra time to take his DOT physical, their latest pleadings confirm inconsistencies in their story. Specifically, there is no clear position taken by the defendants regarding whether the delay in administering the DOT physical meant that they had to discharge Mr. Graef under the Collective Bargaining Agreement regardless of the results. All of these pieces of evidence, although not compelling by any means, hint at the possibility that Mr. Graef's allegations may be true. If Chemical Leaman did have a conspiracy against Mr. Graef or did in some way improperly interact with medical doctors examining Mr. Graef, the Court sympathizes with the shareholders of that company.

#### c. Retaliatory Discharge

■ Under Tex.Labor Code § 451.001 (formerly Tex.Rev.Civ.Stat. art. 8307c), an employer "may not discharge or in any other manner discriminate against an employee because the employee has filed a workers' compensation claim in good faith." Mr. Graef "has the burden of establishing a causal nexus between his filing a workers' compensation claim" and the discriminatory treatment. *Parham v. Carrier Corp.,* 9 F.3d 383, 386 (5th Cir.1993). If Mr. Graef cannot present sufficient evidence of such discrimination, a

summary judgment dismissal is warranted. *Unida v. Levi Strauss & Co.*, 986 F.2d 970, 976–77 (5th Cir.), reh'g den., 995 F.2d 225 (1993).

■ The defendants wish to equate the plaintiff's evidence in *Parham*, which was held insufficient to survive summary judgment, with Mr. Graef's evidence in the present case. Specifically, the defendants do not believe there to be a genuine issue of fact regarding the causal connection between Mr. Graef's filing a worker's compensation claim and any subsequent treatment. The evidence is *Parham*, however, is readily distinguished. In *Parham*, the evidence showed an employer's generalized desire to reduce workers' compensation claims and costs. At the case at bar, the plaintiff has produced affidavits showing a Chemical Leaman's agent had *specific intent* to discriminate against Mr. Graef *because* he filed workers' compensation claims in the past. Clearly, Mr. Graef has established some evidence regarding the linkage between his workers' compensation status and the heightened medical record requirements and delay demanded by Chemical Leaman.

## CONCLUSION

Defendants have succeeded in proving there to be no genuine issue of material fact regarding John McClain's claims. Defendants also show as a matter of law why they should prevail against John McClain. There are, however, important issues of fact yet to be determined in James Graef's retaliatory discharge and intentional infliction of emotional distress claims. It is therefore ORDERED that defendants' Motion for Summary Judgment be GRANTED, in part, and DENIED, in part, consistent herewith.